IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

KIMBERLY LUSTGARTEN, :
:
    Plaintiff, :
:
VS. :
: 1 : 16-CV-84 (LJA)
NANCY A. BERRYHILL, :
Acting Commissioner of Social Security, :
:
    Defendant. :

## RECOMMENDATION

The Plaintiff filed this Social Security appeal on May 16, 2016, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

*Legal Standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed applications for disability insurance and Supplemental Security Income benefits in August and September 2012, alleging disability since November 1, 2011.  (T-369-77, 389-95).  Her claims were denied initially and upon reconsideration.  (T-227-44, 292-99).  A hearing was held before an ALJ in July 2014.  (T-205-26).  Thereafter, in a hearing decision dated October 22, 2014, the ALJ determined that the Plaintiff was not disabled.  (T-182-204).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-1-7).

*Statement of Facts and Evidence*

The Plaintiff was 44 years of age at the time of the ALJ's decision, and her date last insured was September 30, 2012.  (T-444).  Plaintiff alleges disability since November 1, 2011 primarily based on back problems, obesity, headaches, and depression.  (T-444, 454).  Plaintiff has a high school education, completed one (1) year of college, and has past relevant work experience as a telemarketer. (T-455-56).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of obesity, degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the knees, and hypertension.  (T-188).  The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing less than the full range of sedentary work.  (T-190, 192).  The ALJ received the testimony of a vocational expert and found that Plaintiff was able to return to her past relevant work as a telemarketer, and thus was not disabled.  (T-196).

2

**DISCUSSION**

Plaintiff asserts that the ALJ failed to evaluate certain impairments, erred in making credibility findings, and erred in rejecting the opinion of treating physician Dr. Dekle. Plaintiff further alleges that the Appeals Council erred in its consideration of new evidence.

*Failure to evaluate impairments*

Plaintiff asserts initially that the ALJ erred in failing to specifically evaluate her alleged headaches as a separate impairment. Plaintiff contends that CT scans have shown that she suffers from a sinus cyst and brain microvasculopathy, which corroborate her headache assertions.

The ALJ did not find Plaintiff's headache condition to be a severe impairment, although he did consider her reports of headaches in evaluating her residual functional capacity. (T-193, 195). To the extent that Plaintiff asserts she has received diagnoses that support her allegations of headaches, the Court notes that a diagnosis alone is insufficient to support a finding of disability, but must be accompanied by evidence of functional limitation. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D.Ala. 2002). The Court notes as well that the claimant bears the burden of proving disability and must produce evidence in support of her claim, which Plaintiff has failed to do in regard to establishing additional limiting effects from her reported headaches. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

*Credibility findings*

Plaintiff also asserts that the ALJ failed to make proper credibility findings as to Plaintiff's testimony. Specifically, Plaintiff asserts that the ALJ failed to provide adequate reasons to discount Plaintiff's testimony.

If the Commissioner "finds evidence of an underlying medical condition, and either (1)

objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled. If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ found that

> the claimant has activities of daily living that are not as restrictive as might be expected given the complaints of symptoms and limitations. The claimant can prepare simple meals. Her mother reported that the claimant performs house chores such as weekly laundry and light cleaning. The claimant's husband reported that the cla[i]mant is able to help care for their pets and babysits. She is able to drive, grocery shop, and travel alone. The claimant plays computer games. Moreover, she attends church. As mentioned earlier, the record reflects work activity after the alleged onset date. Although that work activity did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have, at least at times, been somewhat greater than the claimant has generally reported.

4

(T-195).

Plaintiff asserts that the ALJ left out reported restrictions on her daily activities, including the need to take frequent breaks for rest and laying down, and erred in relying on Plaintiff's post-onset failed work attempts to show that Plaintiff's testimony regarding disabling conditions was not credible. The Court finds that the ALJ thoroughly considered and evaluated the record and the Plaintiff's subjective complaints, and properly provided sufficient reasons for partially discrediting Plaintiff's testimony. The ALJ looked to the conflicts between the objective medical record, Plaintiff's daily activities, and Plaintiff's subjective complaints in finding that Plaintiff's subjective complaints were not entirely credible. The record supports the ALJ's findings that the objective medical record and Plaintiff's activities as reported in the record conflict with Plaintiff's allegation of disabling limitations. The ALJ's findings in this regard are supported by substantial evidence.

*Treating physician's opinion*

Plaintiff further contends that the ALJ failed to articulate adequate reasons for rejecting treating physician Dr. Dekle's opinion of disability. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' - or unable to work- does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As

5

the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

The ALJ set out Dr. Dekle's findings, wherein

> on July 15, 2014, . . . Andrew A. Dekle, M.D., opined that the claimant could lift and carry 10 pounds occasionally. She could stand and walk for less than 2 hours and sit for about 2 hours in an 8-hour workday. She would need to change positions every 15 minutes and walk around every 15 minutes for 5 minutes. She would need to rest, recline or lie down often. Dr. Dekle further opined that the claimant could never stoop, crouch, kneel, crawl, or balance on uneven terrain. The claimant could never push or pull. The claimant would be able to occasionally operate foot controls. Dr. Dekle opined that the claimant would need to elevate her legs above her heart during the day. She would miss an average of four days of work per month.
>
> Little weight is given to this opinion, as it is inconsistent with the longitudinal evidence of record. The claimant was observed to have normal range of motion of her extremities. Motor strength and sensation were also within normal limits. Her joints were observed to be normal and no pedal edema was observed. Examination of her back was unremarkable. The claimant was ambulatory and had a steady gait. Although the claimant has a prescription for a cane, there is no showing that the need for a cane will last for 12 months. Furthermore, in terms of activities of daily living, the claimant can prepare simple meals. Her mother reported that the claimant performs house chores such as laundry weekly and light cleaning. The claimant's husband reported that the cla[i]mant is able to help care for their pets and babysits. She is able to drive, grocery shop, and travel alone. The claimant plays computer games. She attends church. As such, little weight is given to Dr. Dekle's opinion.

(T-195-196).

A review of the opinion issued by Dr. Dekle, Plaintiff's treatment notes, and the ALJ's decision herein reveals that the ALJ's decision to give little weight to the opinion to the extent that

6

it dictated a finding of disability is supported by substantial evidence. The ALJ correctly found that Dr. Dekle's opinion was not supported by the objective medical record and was not consistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c). A review of Plaintiff's medical record shows that Plaintiff has received treatment for a variety of ailments, including foot and back pain and congestive heart failure. (T-635-679, 744-817). Dr. Dekle's opinion is largely conclusory, simply stating that Plaintiff was disabled. Such decisions regarding disability are ultimately reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1); *Lewis*, 125 F.3d at 1436. Moreover, Dr. Dekle does not provide any specific medical findings beyond general diagnoses to support his provision of disabling limitations. (T-1138-42).

In regard to the six factors set out in 20 C.F.R. § 404.1527(d), the "regulations do not require the ALJ to explicitly identify these factors . . . [and] § 404.1527(d) does not state that the ALJ is required to explicitly identify these six factors in his opinion, only that the treating source medical opinions 'must be weighed using all of the factors provided' by § 404.1527. . . [C]ourts have concluded that an ALJ does not err by failing to expressly address each of the factors outlined". *McKeithen v. Astrue*, 2011 WL 1118490 (N.D.Ga. 2011). The ALJ's decision evidences that he properly considered the § 404.1527(d) factors in evaluating Dr. Dekle's opinion.

To the extent that Plaintiff contends that the ALJ was required by Social Security Ruling 96-2p to recontact Dr. Dekle regarding whether Plaintiff required a cane on a long-term basis, this Ruling states that additional development "may provide the requisite support for a treating source's medical opinion that at first appeared to be lacking or may reconcile what at first appeared to be an inconsistency". This Ruling does not mandate that the ALJ recontact a treating physician merely to establish the appropriate weight to be assigned to his or her opinion of disability.

7

*Appeals Council: consideration of new evidence*

Finally, Plaintiff maintains that she submitted new medical evidence to the Appeals Council, but that the Appeals Council provided only "boilerplate" language that the evidence did not provide a basis for changing the ALJ's decision.

The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). The new evidence must relate to the relevant period under consideration by the ALJ. *Id.* Herein, the Appeals Council reviewed new evidence submitted by Plaintiff, but ultimately found that the evidence did not provide a basis for changing the ALJ's decision. (T-2).

In *Ingram v. Comm'r. of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit discussed the review of new evidence submitted to the Appeals Council, and found that "a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." *Id.* at 1265 (*citing Keeton v. Dep't. of Health & Human Services*, 21 F.3d 1064 (11th Cir. 1994)). The district court must determine "whether the Appeals Council correctly decided that the 'administrative law judge's action, findings, or conclusion is [not] contrary to the weight of the evidence currently of record." 20 C.F.R. 404.970(b); *Ingram*, 496 F.3d at 1266. New evidence presented to the Appeals Council may provide the basis for a Sentence Four remand if "the Appeals Council did not adequately consider the additional evidence." *Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir. 1984).

The decision of the Appeals Council makes clear the fact that the Council did consider new evidence presented to it and found that it did not support a remand of this matter to the ALJ.

8

The Appeals Council stated that

> [i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council including a previously un-exhibited State agency consultative exam. The exam by Dr. Abdul Bari on December 18, 2012 indicated some back tenderness and mild spinal range of motion limitations, and image studies that indicate mild scoliosis and minimal bulging annulus, which supports the [ALJ's] findings. We considered whether the [ALJ's] action, findings, or conclusion is contrary to the weight of evidence currently of record. We found that this information does not provide a basis for changing the [ALJ's] decision.
>
> We also looked at medical records from Grady Primary Care dated March 13, 2014 (3 pages), and Archbold Medical Centers dated October 28, 2014 through October 19, 2015 (161 pages). The [ALJ] decided your case through October 22, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 22, 2014.

(T-2). The evidence does not appear to be material to any change in the ALJ's decision, as portions of the evidence post-date the ALJ's decision and the remainder substantially support or duplicate records already before the ALJ. Although Plaintiff asserts that the Council failed to consider the records, the Court notes that "[t]he Appeals Council is not required to 'give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision.'" *Hethcox v. Commissioner of Social Security*, 638 F. A'ppx 833, 836 (11th Cir. 2015), *quoting Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). Accordingly, the Appeals Council properly determined that the new evidence was not contrary to the ALJ's decision and declined to remand this matter based on this new evidence. *See Hoffman v. Astrue*, 259 F. A'ppx 213, 218 (11th Cir. 2007) (Appeals Council properly considered new evidence and determined it would not change the ALJ's decision, especially considering the opinion was based on evidence already before the ALJ). The new evidence does not render the denial

9

of benefits erroneous. *Hethcox*, 638 F. A'ppx at 835 (reviewing court must consider whether the new evidence renders the denial of benefits erroneous).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 31st day of July, 2017.

                                                 s/ *THOMAS Q. LANGSTAFF*
                                                 **UNITED STATES MAGISTRATE JUDGE**

asb