# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

KIMBERLY LUSTGARTEN, :
:
    Plaintiff, :
:
v. : CASE NO.: 1:16-CV-84 (LJA-TQL)
:
NANCY A. BERRYHILL, :
Acting Commissioner of :
Social Security, :
:
    Defendant. :
                              :

## **ORDER**

      Before the Court is the Report & Recommendation (R&R), dated July 31, 2017, Doc. 17, regarding Plaintiff Kimberly Lustgarten's appeal of the Commissioner's denial of Plaintiff's application for Social Security Benefits, Doc. 10-4 at 27. The Magistrate Judge recommended that the Commissioner's decision be affirmed because the decision by the Administrative Law Judge ("ALJ") was supported by substantial evidence. Doc. 17 at 10. The ALJ found that Plaintiff had the residual functional capacity to perform the requirements of her past relevant work and was thus not disabled. Doc. 10 at 196-97. Plaintiff timely filed an Objection to the R&R. Doc. 18. The Commissioner timely filed a Response to Plaintiff's Objection. Doc. 19. Pursuant to 28 U.S.C. § 636(B)(1), the Court has performed a *de novo* review of those portions of the R&R to which Plaintiff objects. Upon full review and consideration of the record as well as the Objection, Plaintiff's Objection is **OVERRULED**.

      Upon review of the Commissioner's decision, this Court cannot re-weigh evidence or determine the credibility of witnesses in a social security appeal. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, a reviewing court "will not disturb the Commissioner's decision if, in light of the record as a whole, it appears to be supported by substantial evidence," which is "more than a scintilla and is such relevant evidence as a reasonable

person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1439-40 (11th Cir. 1997). Courts review *de novo* the legal principles upon which the Commissioner bases her decision. *Fleming v. Comm'r, Soc. Sec. Admin.*, 550 F. App'x 738, 739 (11th Cir. 2013).

## I. Failure to Evaluate Impairments

In the Objection, Plaintiff first argues that the Magistrate Judge erred when he affirmed the ALJ's determination that "[Plaintiff] has not proven the cyst and brain microvasculopathy cause specific functional limitations." Doc. 18 at 2-3. Plaintiff contends that CT scans have shown that she suffers from a sinus cyst and brain microvasculopathy, which corroborate her headache assertions. *Id.* at 3. Plaintiff argues that:

- Because "the ALJ said nothing at all about the objective CT findings," the Magistrate erred in engaging in post-hoc rationalization of the ALJ's reasoning when the Magistrate Judge affirmed the ALJ's decision;
- The ALJ failed to enter "'specific and well-articulated' findings about the effects of all impairments, singly and in combination, severe and non-severe"; and
- Plaintiff's "sinus cyst and brain microvasculopathy can reasonably be expected to cause the headaches [Plaintiff] (and her husband) describe; the ALJ did not even find to the contrary; and the Magistrate Judge errs in omitting the second part of the credibility test, which cannot be performed absent evaluation of all medically determinable impairments."

These arguments are without merit. First, because "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005), the ALJ did not err in failing to discuss the CT scans because, while he did not discuss the specific cause of Plaintiff's headaches, the ALJ did discuss the headaches in his decision. "[T]he mere existence of [ ] impairments does not reveal the extent to which they limit [a plaintiff's] ability to work or undermine the ALJ's determination in that regard," and the "severity of a medically ascertained disability must be measured in terms of its effect upon ability to work." *Moore*, 405 F.3d at 1213 n.6 (citation and punctuation omitted).

2

Second, the ALJ properly considered all Plaintiff's impairments. At Step Two, the ALJ determined that Plaintiff had severe and non-severe impairments but did not mention headaches. Doc. 10-4 at 190, 192-96. To the extent this was in error, such error was harmless. In *Flemming v. Comm'r of the Soc. Sec. Admin.*, the Court found that "[e]ven if the ALJ erred in not indicating whether [plaintiff's] psychotic disorder was a severe impairment, the error was harmless because the ALJ concluded that [plaintiff] had two other severe impairments, thereby satisfying step two." 635 F. App'x 673, 676 (11th Cir. 2015). The ALJ, here, while not indicating whether Plaintiff's headaches were a severe impairment, did determine that Plaintiff had other severe impairments: "obesity, degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the knees, and hypertension." *See* Doc. 17 at 2. At Step Three, the ALJ determined that Plaintiff "[did] not have an impairment *or combination of impairments* that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpa11P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Doc. 10-4 at 190 (emphasis added). This "determination constitutes evidence that [the ALJ] considered the combined effects of [Plaintiff's] impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The ALJ also noted Plaintiff's treatment for headaches prior to Step Four when determining Plaintiff's Residual Functional Capacity (RFC). Thus, it can be inferred that the ALJ properly considered *all* of Plaintiff's impairments at Step Three including Plaintiff's headaches. *Cf. Flemming*, 635 F. App'x at 676 ("There may be an implied finding that a claimant does not meet a listing. Therefore, in the absence of an explicit determination, we may infer from the record that the ALJ implicitly considered and found that a claimant's disability did not meet a listing.") (citation and punctuation omitted).

Third, the ALJ properly applied the credibility test when considering the testimony of Plaintiff and Dr. Dekle when evaluating Plaintiff's impairments. In order to establish disability through her own testimony concerning pain, Plaintiff must show: "(1) evidence of an underlying medical condition; and (2) either [ ] objective medical evidence confirming the severity of the alleged pain; or [ ] that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptoms." *Gray v. Comm'r of Soc. Sec.*, 550

3

F. App'x 850, 853 (11th Cir. 2013). "In weighing the evidence, credibility determinations are the province of the ALJ." *Id.* (punctuation omitted). "If the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so; failure to do so requires, as a matter of law, that the testimony be accepted as true." *Id.* (same).

At Step Four, the ALJ listed Plaintiff's impairments, including multiple references to headaches, finding that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Docs. 10-4 at 25; 10 at 195. The ALJ gave detailed findings regarding Plaintiff's daily activities and concluded that Plaintiff's testimony regarding pain from her headaches was inconsistent with her daily activities and her ability to perform sedentary work with specified restrictions. Doc. 10-4 at 26. Thus, the Magistrate Judge did not engage in post-hoc reasoning, and the ALJ did not fail to enter specific findings about the effects of Plaintiff's impairments.

## II.  Credibility Findings

Plaintiff then argues that the Magistrate Judge and ALJ erred in finding that Plaintiff was not credible when they disregarded Plaintiff's testimony and the opinion of Dr. Dekle that Plaintiff's testimony was credible, disregarded other corroborating evidence, and reached findings about Plaintiff's daily activities that were contrary to the record. *Id.* at 4. This objection is a restatement of Plaintiff's earlier objection to the ALJ's credibility determinations. As noted above, the ALJ articulated explicit and adequate reasons for his credibility determinations. In determining Plaintiff's RFC, the ALJ gave detailed findings regarding Plaintiff's daily activities and concluded that Plaintiff's testimony regarding pain was inconsistent with her daily activities. Doc. 10-4 at 26. The ALJ also cited to evidence in the record that Plaintiff had a normal range of motion and normal motor strength—contrary to the conclusion by Dr. Dekle that Plaintiff could not perform sedentary work. Doc. 10-4 at 26. Thus, as is proper, the ALJ articulated specific reasons why the testimonies of Plaintiff and Dr. Dekle were inconsistent with other evidence in the record.

Similarly, Plaintiff objects that the "ALJ [did not] articulate good cause to reject [Dr. Dekle's] opinion." *Id.* at 5-7. An ALJ must provide "good cause" for rejecting a treating physician's medical opinions. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (punctuation omitted). Plaintiff quotes *Denton v. Astrue*, for the proposition that: "An 'ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.'" Doc. 18 at 7; 596 F.3d 419, 425 (7th Cir. 2010). Plaintiff, however, ignores the next sentence in that case: "But an ALJ need not mention every piece of evidence, so long [as] he builds a logical bridge from the evidence to his conclusion." *Id.*

Here, the ALJ built the requisite bridge. The ALJ noted that Dr. Dekle's July 15, 2014 opinion consisted of a series of statements indicating Plaintiff's limitations. Doc. 10-4 at 196. In the R&R, the Magistrate Judge found that Dr. Dekle's statements were mere opinion and not substantiated by evidence in the record, including treatment notes from Dr. Dekle, which do not indicate decreased range of motion before the hearing, and treatment notes from other treating physicians. Doc. 17 at 7; *see* Doc. 10-4 at 196. Upon a review of the record, the ALJ's credibility findings were supported by "more than a scintilla and [rely upon] relevant evidence [that] a reasonable person would accept as adequate to support a conclusion." *Lewis*, 125 F.3d at 1439-40. Thus, good cause existed for the ALJ to reject Dr. Dekle's opinion that Plaintiff was disabled and that Plaintiff's testimony was entirely credible.

Next, Plaintiff cites *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986), arguing that the ALJ cannot discount Dr. Dekle's opinion because "Dr. Dekle's opinion is uncontradicted by any opinion from any treating or examining doctor, and well-supported by the medical evidence." Doc. 18 at 1. And yet, in evaluating Plaintiff's RFC, the ALJ did cite to evidence in the record where, for example, Plaintiff's daily activities and range of motion were inconsistent with Dr. Dekle's conclusory opinion. Doc. 10-4 at 26. Plaintiff further claims

5

that *Hillsman* "cannot be distinguished." However, unlike this case, in *Hillsman*, the ALJ: (1) determined at Step Two that the plaintiff had no severe impairment and was thus not disabled; (2) found that the plaintiff was not disabled because she would not follow medical treatments—contrary to the testimony of the treating physician who prescribed the medical treatments—without contradictory evidence from other medical professionals, and contrary to the testimony of the plaintiff; and (3) the Court of Appeals noted that the record was silent on whether the medical treatment that the plaintiff was purportedly not following could control her condition such as to render the plaintiff not disabled. 804 F.2d at 1181-82. The facts of this case do not remotely resemble those of *Hillsman*.

Plaintiff then argues that the ALJ erred in evaluating Dr. Dekle's opinion because the ALJ did not mention or rely on the six-factor test outlined in 20 C.F.R. § 404.1527 to determine what non-controlling weight to give to Dr. Dekle's opinion. Those factors are: (1) the length of the treatment relationship; (2) the frequency of the examinations; (3) the nature and extent of the treatment relationship; (3) the supportability of the medical opinion; (4) the consistency of the opinion with the record as a whole; (5) the medical expert's area of specialty; and (6) other factors, including the amount of understanding of disability programs and the familiarity of the medical source with information in claimant's case record. 20 C.F.R. § 404.1527(c).[1] "However, the ALJ is not required to explicitly address each of those factors." *Lawton*, 431 F. App'x at 833. Taking the ALJ's decision as a whole, it is apparent that the ALJ considered these factors. As discussed above, the ALJ articulated specific reasons why Dr. Dekle's testimony was inconsistent with other evidence in the record.

### III. Violation of SSR 96-2p

Plaintiff argues that "an ALJ must recontact the treating doctor when doing so 'may provide the requisite support for a treating source's medical opinion that at first appeared to be lacking or may reconcile what at first appeared to be an inconsistency.'" Doc. 18 at 7-8 (quoting Titles II & Xvi: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996), 1996 WL 374188). However, Plaintiff ignores that her quoted passage begins with the phrase "*in some instances*, additional development required by a case

---

[1] To the extent that the R&R cites 20 C.F.R. § 404.1527(d) for these six factors, it is harmless error as the factors are identical in all material aspects as amended.

6

… may provide the requisite support for a treating source's medical opinion . . . ." Titles II & Xvi: Giving Controlling Weight to Treating Source Med. Opinions (emphasis added). Further, SSR 96-2p also states: "Ordinarily, development should not be undertaken for the purpose of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise adequately developed." *Id.* Here, there is no allegation that the record is inadequate, and the ALJ had access to Plaintiff's full treatment records. So, the ALJ was not required to contact the doctor to develop the record.

### IV. Appeals Council: consideration of new evidence

"The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)); *see* Limit on Future Effect of Applications and Related Changes in Appeals Council Procedures, 52 Fed. Reg. 4001-0120 (S.S.A. Feb. 9, 1987), 1987 WL 125428.[2] The Social Security Administration's Hearings, Appeals, and Litigation Manual defines "weight of the evidence" as "the balance or preponderance of evidence." Reopening for Good Cause, HALLEX I-3-9-4 (S.S.A. Mar. 8, 2013), 1993 WL 643197.

Plaintiff argues that the "Appeals Council erred in addressing [Plaintiff's new evidence] only with boilerplate" language. Doc. 18 at 9. However, the Appeals Council is not required "to provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). Further, as discussed by the Magistrate Judge, much of Plaintiff's new evidence submitted to the Appeals Council post-dates the date of the ALJ's decision and thus did not warrant review by the Appeals Council. Further, the Appeals Council discussed a December 18, 2012 exam wherein Plaintiff was found to have range of motion limitations. Docs. 18 at 9; 10-2 at 3. This one additional piece of evidence does not show that the ALJ's decision was contrary

---

[2]      20 C.F.R. § 404.970 was amended effective January 17, 2017, after the 2014 hearing by the ALJ and the March 2016 decision by the Appeals Counsel. *See* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01 (S.S.A. Dec. 16, 2016), 2016 WL 7242991. Accordingly, the Magistrate Judge's conclusion that "the new evidence was not contrary to the ALJ's decision," Doc. 17 at 9, is unaffected by the amendment of 20 C.F.R. § 404.970.

to the weight of the evidence as the ALJ cited numerous other pieces of evidence showing that Plaintiff had no such documented restrictions. Doc. 10-4 at 196.

Thus, the Court concurs with the Magistrate Judge's recommendation that the ALJ's decision was supported by substantial evidence in the record. Upon full review and consideration of the record, the Court finds that the Report and Recommendation, Doc. 17, should be, and hereby, is **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Objection, Doc. 18, is **OVERRULED**, and the Commissioner's decision is hereby **AFFIRMED**.

**SO ORDERED**, this 5th day of September, 2017.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**